UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ANA MARIA G. PRIETO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:09-CV-065-BG |
| ) | ECF |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT and RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Ana Maria G. Prieto is appealing the decision to deny her Social Security Disability benefits by Michael J. Astrue, Commissioner of Social Security. The court has considered the administrative record, the arguments of the parties, and the applicable law and has determined that the Commissioner's decision did not apply the appropriate legal standard and should be reversed and the case remanded for further administrative proceedings

**I.     Statement of the Case**

   **A.     Administrative Proceedings**

In October 2003 Prieto filed for disability insurance benefits under Title II of the Social Security Act. (Tr. at 81-83, 470-72, 474.) Prieto was 46 years old at the time and had less than a high school education. (*Id.* at 81, 142, 470, 878.) Prieto had been working in restaurants, primarily as a waitress, for 15 years prior to her application for disability payments. (*Id.* at 114, 122, 878, 904.) Prieto suffered from Hashimoto's thyroiditis, status-post thyroidectomy; hypertension and recently developed coronary heart disease; osteoarthritis; osteoporosis in the lumbar spine; lupus; and asthma. (*Id.* at 26).

The Disability Determination Services ("DDS") denied Prieto's application initially and upon reconsideration. (*Id.* at 54-59, 60-66.) Prieto requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 49.) The ALJ conducted a hearing, and after the hearing the ALJ affirmed the DDS's denial of benefits. (*Id.* at 476-485.) Prieto requested review by the Appeals Council ("Council"), and the Council vacated the decision of the ALJ and remanded for further development of the record. (*Id.* at 42, 489-94, 871-72.) On remand the ALJ denied Prieto benefits because he found that she was not disabled, and the Council denied Prieto's request for review. (*Id.* at 6-9, 14-27.) Accordingly, this court is reviewing the ALJ's decision and denial of benefits.

### B.   Medical Evidence

In a physical residual functional capacity questionnaire, Dwight D. Hood, M.D., indicated that Prieto could stand or walk less than two hours in an eight-hour work day. (*Id.* at 223.) Dr. Hood was one of Prieto's treating physicians.

In an interrogatory, Stephen Eppstein, M.D., indicated that Prieto could stand or walk for a total of six hours in an eight-hour work day. (*Id.* at 789.) Dr. Eppstein was not one of Prieto's treating physicians.

### C.   The ALJ's Decision

In his decision the ALJ recited Dr. Hood's answers to the questionnaire, and specifically mentioned that Dr. Hood stated that Prieto could stand or walk less than two hours in an eight-hour work day. (*Id.* at 24). However, the ALJ stated that he was accepting the limitations that Dr. Eppstein had specified because those limitations were "consistent with and well supported by evidence of record." The ALJ determined that Prieto had a Residual Functional Capacity ("RFC") to perform a modified range of less strenuous light work duties. The ALJ specifically

noted that a claimant must be able to stand or walk for six hours out of an eight-hour work day to qualify for light work activity. (*Id.*) The ALJ then found that Prieto was not disabled because, based on the testimony of the vocational expert, she could perform the work of a cashier, which was one of her duties from her past relevant work experience. (*Id.* at 25-26.)

## II.     Standard of Review

This court's "review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

A claimant bears the burden of proving that she suffers from a disability. *Perez*, 415 F.3d at 461. The ALJ uses a five-step sequential analysis to evaluate claims of disability: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Perez*, 415 F.3d at 461. The claimant bears the burden of proof on the first four steps. *Id.* At the fifth step the Commissioner bears the initial burden of proof, but once the Commissioner shows that the claimant can perform jobs in the national economy, the burden shifts back to the claimant to rebut this finding. *Id.*

Before going from step three to step four, the Commissioner determines the claimant's Residual Functional Capacity ("RFC"). *Id.* The RFC "is a determination of the most the claimant

can still do despite h[er] physical and mental limitations and is based on all relevant evidence in the claimant's record." *Id.* at 461-62. The RFC is used at steps four and five of the analysis. *Id.* at 462. Here the ALJ found that Prieto was not disabled at step four of the sequential analysis. (Tr. at 26-27.)

### III. Discussion

Prieto presents two points of error to challenge the ALJ's decision" (1) the ALJ failed to articulate "good cause" for rejecting the medical opinion of Dr. Hood who was her treating physician; and (2) the ALJ failed to apply the appropriate legal standard when determining whether Prieto could perform her past relevant work. Because Prieto's first point of error requires remand for further administrative proceedings, the district court should decline to address her second point of error.

"The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton*, 209 F.3d at 455. "A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Id.* (quotation omitted). "The opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir.1994).

"The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton*, 209 F.3d at 455 (quotation omitted). "The treating physician's opinions are not conclusive" and "may be assigned little or no weight when good cause is shown." *Id.* at 455-56. Good cause may permit an ALJ to discount the weight of a treating physician's opinion relative to

4

other experts' opinions where the treating physician's opinion is conclusory; is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques; or is otherwise unsupported by the evidence. *Id.* at 456.

"SSA Regulations provide that the SSA 'will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion' and list factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to 'controlling weight.'" *Newton*, 209 F.3d at 456 (citing 20 C.F.R. § 404.1527(d)(2)) (alterations in original). Specifically, 20 C.F.R. § 404.1527(d) requires consideration of:

> (1) the physician's length of treatment of the claimant,
> (2) the physician's frequency of examination,
> (3) the nature and extent of the treatment relationship,
> (4) the support of the physician's opinion afforded by the medical evidence of record,
> (5) the consistency of the opinion with the record as a whole; and
> (6) the specialization of the treating physician.

*Newton*, 209 F.3d at 456.

The Fifth Circuit Court of Appeals explained that even if the treating physician's opinion in not entitled to controlling weight, it should not be completely rejected. *Id.* A medical source's statement about what an individual can still do is a medical opinion. SSR 96-5p, 61 F.R. 34471, 34474 (July 2, 1996). "Adjudicators must weigh medical source statements under the rules set out in 20 C.F.R. 404.1527 . . . providing appropriate explanations for accepting or rejecting such opinions." *Id.* In addition, an ALJ is required to consider each of the § 404.1527(d) factors before declining to give any weight to the medical opinions of the claimant's treating specialist. *Newton*, 209 F.3d at 456.

5

In his decision the ALJ did not state what weight, if any, he was giving to Dr. Hood's opinion that Prieto could walk or stand for less than two hours in an eight-hour work day. (*See* Tr. at 24.) Nevertheless, it appears that the ALJ gave no weight to that portion of Dr. Hood's opinion because he found that Prieto could walk or stand for six hours in an eight-hour work day. In addition, the ALJ did not state that he was applying 20 C.F.R. § 404.1527(d) to Dr. Hood's opinion, nor did he appear to apply the factors in § 404.1527(d) to Dr. Hood's opinion. (*See Id.*) Because the ALJ did not explain why he was not giving any weight to Dr. Hood's opinion, the decision was not made in accordance with the proper legal standard. *Newton*, 209 F.3d at 456; SSR 96-5p, 61 F.R. 34471, 34474 (July 2, 1996).

The Commissioner argues that Dr. Hood's answers to the questionnaire were not a medical opinion because they were really a determination of Prieto's RFC, which is a decision reserved for the Commissioner. This argument is without merit because a medical source's statement about what an individual can still do is a medical opinion. SSR 96-5p, 61 F.R. at 34474. In his brief the Commissioner attempts to apply 20 C.F.R. § 404.1527(d) to show that there were good reasons supported by substantial evidence for the ALJ to reject Dr. Hood's opinion, but after the fact explanations do not suffice because "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455.

**IV.    Recommendation**

The ALJ failed to apply the appropriate legal standard when addressing whether to give weight to Dr. Hood's opinion. Accordingly, the Commissioner's decision that Prieto was not disabled and not entitled to benefits should be reversed and remanded for further administrative proceedings. *Perez*, 415 F.3d at 461.

## V. **Right to Object**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: April 1, 2010.

NANCY M. KOENIG
United States Magistrate Judge